UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VERNON JEWELL PEARSON, III,

    Plaintiff,

v.    Case No: 8:23-cv-242-CEH-JSS

TRANSUNION LLC,

    Defendant.
_____

## ORDER

This matter is before the Court upon periodic review. Because Plaintiff has failed to timely file an Amended Complaint, despite being given the opportunity to do so, this action is due to be dismissed without prejudice.

## DISCUSSION

A district court may dismiss a plaintiff's claims pursuant to Rule 41(b) or the court's inherent authority to manage its docket. *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005). Under Rule 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss this action or any claim against it." Fed. R. Civ. P. 41(b). The Eleventh Circuit has recognized that a district court may dismiss an action *sua sponte* for the plaintiff's failure to prosecute his case or obey a court order under Rule 41(b). *Betty K Agencies, Ltd.*, 432 F.3d at 1337.

Plaintiff, Vernon Jewell Pearson, III, proceeding *pro se*, initiated this action in state court in January 2023 by filing a complaint against Defendant Trans Union, LLC, seeking relief under the Fair Credit Reporting Act and the Equal Credit Opportunity Act. Doc. 1-1. Plaintiff's Complaint alleges that he submitted a complaint to the consumer financial protection bureau and Trans Union deleted some inaccurate files but purportedly kept some derogatory information. Plaintiff claims he suffered severe ongoing emotional harm due to "the conduct of Equifax."[1] *Id.* at 1.

Defendant Trans Union LLC removed the matter to this Court on February 3, 2023, invoking the Court's original jurisdiction under 28 U.S.C. § 1331. Doc. 1. Thereafter, Trans Union moved to dismiss Plaintiff's Complaint on February 10, 2023. Doc. 6. When Plaintiff did not timely respond to the motion, the Court entered an order directing the Plaintiff to respond. Doc. 7. Plaintiff never responded to the motion to dismiss.

On May 22, 2023, the Court entered an order granting Defendant's motion to dismiss and granting Plaintiff the opportunity to file an amended complaint.[2] Doc. 9. Specifically, the Court granted Plaintiff twenty-one days from the order of dismissal in which to file an amended complaint. The Court cautioned Plaintiff that "[f]ailure to file an Amended Complaint within the time permitted will result in this action being

---

[1] As the Order of dismissal pointed out, Equifax is not a party to this action. Doc. 9 at 5.
[2] Review of the docket reveals that the May 22, 2023 Order sent to Plaintiff was returned to the Court with no forwarding information. *See* Doc. 10. The Court's May 22, 2023 Order of dismissal noted that the order directing a response to the motion to dismiss had been returned as undeliverable. Doc. 9 at 1 n.1. As stated in the prior Order, it is Plaintiff's obligation to keep his contact information current with the Court. *Id.*

dismissed without further notice." *Id.* at 6. The amended complaint was due to be filed on or before June 12, 2023. To date, Plaintiff has not filed an amended complaint nor sought an extension of time in which to do so.

Accordingly, it is hereby

**ORDERED**:

1. This action is **DISMISSED, without prejudice**.

2. The Clerk of Court is directed to terminate all motions and deadlines and **CLOSE** this case.

**DONE** and **ORDERED** in Tampa, Florida on June 23, 2023.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:
Vernon Jewell Pearson, III, *pro se*
Counsel of Record

3